**FILED**
**Feb 18, 2025**
**01:07 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MEMPHIS

| | | |
|---|---|---|
| **KRYSTAL INGRAM,** | ) | **Docket No.: 2022-08-0743** |
| **Employee,** | ) | |
| **v.** | ) | |
| **FEDERAL EXPRESS CORP.,** | ) | **State File No.: 80542-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **INDEMNITY INSURANCE** | ) | **Judge Shaterra R. Marion** |
| **COMPANY OF NORTH AMERICA,** | ) | |
| **Carrier.** | ) | |
| | ) | |

_____

### COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

_____

Federal Express filed a motion for summary judgment. The central issue is whether Ms. Ingram can present sufficient evidence of a causal connection between her employment and her injury, which is an essential element of her claim. For the reasons below, the Court holds Ms. Ingram did not present the necessary evidence and Federal Express is entitled to summary judgment as a matter of law.

### Procedural History

Ms. Ingram alleged she suffered work-related injuries to her right hand and fingers at work in July 2021. She filed a petition for benefit determination seeking medical and temporary disability benefits. After an expedited hearing, the Court denied benefits and entered a partial scheduling order. Federal Express then filed this motion for summary judgment. Ms. Ingram filed a response. The Court held a hearing on February 12, 2025.[1]

---

[1] Federal Express's motion listed the hearing date and time, and they sent the motion, statement of undisputed facts, memorandum, relevant rules and deadlines to Ms. Ingram by email. The Court also sent a docketing notice listing the hearing date and time. Neither party appeared at the start of the hearing, so Court staff emailed and called both parties. Mr. Baker appeared for Federal Express, but Ms. Ingram did not appear.

**Facts**

Federal Express filed a statement of undisputed material facts with citations to the record under Tennessee Rules of Civil Procedure 56.03 (2024). Ms. Ingram stated in her response that Federal Express never described the facts as "material," and that the statement of facts was not concise. She did not, however, dispute the facts themselves, so none of the facts alleged in Federal Express's statement was rebutted. The Court summarizes the relevant material facts as follows:[2]

1. The partial scheduling order set a November 8, 2024, deadline for deposing all fact witnesses, and a December 27, 2024, deadline for deposing all medical or expert witnesses.
2. Ms. Ingram identified no medical experts on whose opinions she intended to rely at the compensation hearing.
3. Ms. Ingram did not depose any fact witnesses or medical witnesses establishing the cause of her hand problems.

Based on these facts, Federal Express contends the Court should grant summary judgment because it negated an essential element of Ms. Ingram's claim. Specifically, it argues she does not have sufficient expert proof to carry her burden in showing her injury arose primarily out of and in the course and scope of her employment.

**Law and Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

As the moving party, Federal Express must either: (1) submit affirmative evidence that negates an essential element of Ms. Ingram's claim, or (2) demonstrate that her evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2024); *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If Federal Express meets this burden, Ms. Ingram must then establish that the record contains specific facts upon which the Court could base a decision in her favor. *Rye*, at 265. The essential element at issue in this case comes from Tennessee Code Annotated section 50-6-102(12), which requires expert medical proof that the injury arose primarily out of and in the course and scope of employment.

---

[2] Federal Express pleaded 36 facts, but the facts not summarized are either immaterial or not properly supported in the record.

A Supreme Court Panel has held that the trial court did not err in granting summary judgment where the employee failed to respond to the motion and failed to offer any medical evidence of causation. *Hutchins v. Cardinal Glass Indus.*, No. E2023-00587-SC-R3-WC, 2024 Tenn. LEXIS 3, at *11 (Jan. 11, 2024).

While Ms. Ingram responded to Federal Express's motion for summary judgment, she did not follow the Rule 56 requirement of responding to the statement of undisputed material facts aside from objecting to their labeling and their concision. Therefore, the facts are undisputed.

However, the analysis does not stop here, as the Court must determine whether under Rule 56.06 summary judgment is "appropriate." Considering the merits of Federal Express's motion, it successfully demonstrated that Ms. Ingram's evidence is insufficient to prove medical causation, an essential element of her claim. She presented no evidence that her injury arose primarily out of and in the course and scope of her employment.

Thus, no genuine issue of material fact exists as to the question of causation, and Federal Express is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED** as follows:

1. Federal Express's motion for summary judgment is granted, and Ms. Ingram's claim is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court taxes the $150.00 filing fee to Federal Express, under Tennessee Compilation Rules and Regulations 0800-02-21-.06, for which execution may issue as necessary.

4. Federal Express shall prepare and submit the SD-2 with the Clerk within ten days of the date of judgment.

**ENTERED February 18, 2025.**

_____

**Judge Shaterra R. Marion**
**Court of Workers' Compensation Claims**


**CERTIFICATE OF SERVICE**


I certify that a copy of this order was sent as indicated on February 18, 2025.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Krystal Ingram, Employee | X | X | P.O. Box 465 Robinsville, MS 38664 krystyle11@yahoo.com |
| Stephen Miller, Joseph Baker, Employer's Attorneys | | X | smiller@mckuhn.com jbaker@mckuhn.com mdoherty@mckuhn.com |

_____

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*